UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIX MOLINA, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:13-cv-00413-WWE |
| : | |
| EAGLE LEASING COMPANY, : | |
|     Defendant. : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

This is an action by an employee claiming (1) violation of the Connecticut Fair Employment Practices Act, Sections 46a-60 *et seq.*; (2) violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*; (3) negligent supervision; and (4) intentional infliction of emotional distress. Specifically, plaintiff alleges that defendant discriminated against him based upon his race, ethnicity, heritage, national origin, and age, and retaliated against him for his complaints to defendant and his lawful exercise of his rights. Defendant has moved to dismiss the complaint in its entirety. For the following reasons, defendant's motion to dismiss will be granted in part and denied in part.

**BACKGROUND**

In reviewing a motion to dismiss, the Court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff.

Plaintiff Felix Molina is a Hispanic male, residing in New Haven, Connecticut. He is Cuban and was born in Cuba. Spanish is his first language. Plaintiff was employed by defendant Eagle Leasing Company for several years as a laborer, ending on June 30, 2011.

During his employment, defendant's supervisors harassed, threatened and belittled plaintiff based upon his Hispanic heritage and for speaking Spanish. Plaintiff was routinely

reprimanded for failing to speak English and was told, "We are in America; speak English!" Plaintiff's supervisor often screamed offensive phrases at plaintiff, including, "Fucking Cuban!" The supervisor often told plaintiff: "Go back to Cuba!"  Plaintiff was told that he had no brains and that he didn't know how to do anything.  His supervisor also told him that he was too old for the work and constantly threatened to fire plaintiff if he did not obey orders.  The supervisor constantly threatened to "put plaintiff to work in the yard," even in freezing conditions.  Plaintiff was forced to work on rooftops without proper safety equipment and to paint with combustible paint near flames from a welding machine.  Plaintiff was only given safety gear prior to a safety inspection.

When plaintiff complained to his supervisor about discriminatory comments and harassment, he would be sent to the office to be disciplined.

After plaintiff visited a hospital for an injury suffered on the job, defendant denied that plaintiff was injured.  Defendant often disregards medical limitations for Hispanic workers and refuses to provide light duty work when a Hispanic worker presents it with medical limitations.

When plaintiff's supervisor became angry, which was often, he threw objects, such as bottles, to the ground or against the wall.

Plaintiff was intimidated and humiliated by defendant.  As he could no longer work safely and with dignity, plaintiff resigned his employment on June 30, 2011.  Plaintiff alleges that he was constructively discharged.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."

Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**CFEPA and Title VII**

Defendant argues that plaintiff's CFEPA and Title VII claims fail to state a claim upon which relief can be granted. In addition, defendant contends that plaintiff's CFEPA claim is untimely.

Defendant contends that plaintiff has not alleged sufficient factual support to establish a prima facie case under CFEPA and Title VII, namely that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination. See Board of Educ. Of City of Norwalk v. Commission on Human Rights and Opportunities, 266 Conn. 492, 505 (2003). "The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002). "[A]t this stage of the proceedings a plaintiff need not make out a prima facie case. [He] need only plead facts sufficient to show [his] entitlement to relief, and to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell University, 445

F.3d 586, 593 (2d Cir. 2006).  Defendant's citation to summary judgment standards is inapt.  See e.g., Distasio v. Perkins Elmer Corp., 157 F.3d 55, 66 (2d Cir. 1998) (reviewing summary judgment standard as to retaliation claim).

Plaintiff has alleged overt discriminatory animus.  Plaintiff's claims under CFEPA and Title VII, that defendant discriminated against him based upon his race, ethnicity, heritage, national origin, and age, and retaliated against him for his complaints to defendant and his lawful exercise of his rights are plausible in light of his claim of constructive discharge.  See Brittell v. Department of Correction, 247 Conn. 148, 178 (1998) ("Through the use of constructive discharge, the law recognizes that an employee's 'voluntary' resignation may be, in reality, a dismissal by an employer.").  Accordingly, plaintiff's CFEPA and Title VII claims will not be dismissed for failure to state a claim.

As plaintiff worked for defendant until June 30, 2011, defendant argues that all of his CFEPA claims fall outside of the 180 day time limit of Conn. Gen. Stat. § 46a-82(f) because plaintiff did not file discrimination claims with the CHRO and EEOC until March 29, 2012.  Plaintiff does not refute this argument.  Accordingly, plaintiffs CFEPA claims will be dismissed.

**Negligent Supervision**

In arguing that plaintiff has failed to state a claim for negligent supervision, defendant again cites to summary judgment standards.  See, e.g., LaFlame v. Dallessio, 261 Conn. 247, 251 (2002) (articulating, after appeal of summary judgment, that plaintiff must meet all of the essential elements of a negligence action (duty, breach, causation, damages) to prevail).

"The test that is often applied in determining whether there exists a duty to use care is the foreseeability of harm. . . .  It is, in short, the foreseeability or anticipation that harm of the

general nature of that suffered would be likely to result, which gives rise to a duty to use due care, breach of which might constitute negligence." Gutierrez v. Thorne, 13 Conn. App. 493, 500 (1988).

Plaintiff has made legally feasible allegations that he suffered harm due to defendant's failure to supervise an employee whom the defendant had a duty to supervise. Whether the evidence can support plaintiff's allegations will be determinative at the summary judgment stage. Id.

Defendant also argues that a plaintiff cannot sustain a claim for negligent supervision when the only alleged harm is emotional injury. See Antonopoulos v. Zitnay, 360 F. Supp. 2d 420, 430-31 (D. Conn. 2005). However, construing the complaint most liberally, plaintiff has alleged severe financial harm, physical harm and jeopardy, and loss of employment in addition to emotional injuries. Moreover, Antonopoulos based its discussion of negligent supervision on Perodeau v. Hartford, 259 Conn. 729, (2002). Perodeau dealt not with negligent supervision but with negligent infliction of emotional distress.

Drawing all reasonable inferences in favor of plaintiff, plaintiff's claim of negligent supervision is plausible and will not be dismissed.

**Intentional Infliction of Emotional Distress**

Plaintiff's final claim is for intentional infliction of emotional distress. In Petyan v. Ellis, the Connecticut Supreme Court laid out the elements of such a claim:

> It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe.

5

200 Conn. 243, 253 (1986).

>The Restatement (Second) of Torts describes extreme and outrageous conduct:
>
>>Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

Restatement (Second) of Torts § 46, comment d (1965).

Defendant argues that its conduct, as alleged, was not extreme and outrageous.  Indeed, "courts in this circuit have held that employers failure 'to respond' or 'to prevent,' or 'choosing to ignore,' harassing conduct by another employee does not rise to the level of extreme and outrageous behavior . . ." Miller v. Edward Jones & Co., 355 F. Supp. 2d 629, 647 (D. Conn. 2005).  In addition, "[c]onduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Appleton v. Board of Educ. Of Town of Stonington, 254 Conn. 205, 211 (2000).  "An employer's adverse yet routine employment action does not constitute extreme and outrageous conduct even if based on race or other improper motives." Robinson v. City of New Haven, 578 F. Supp. 2d 385, 390 (D. Conn. 2008).

Here, plaintiff's complaint fails to state a claim for intentional infliction of emotional distress as a matter of law.  Accordingly, defendant's motion to dismiss will be granted as to this claim.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss [Doc. # 15] is GRANTED in part and DENIED in part. Counts I (CFEPA) and IV (intentional infliction of emotional distress) are dismissed; Counts II (Title VII) and III (negligent supervision) remain.

Dated this 6th day of August, 2014, at Bridgeport, Connecticut.

                                        /s/Warren W. Eginton
                                        WARREN W. EGINTON
                                        SENIOR UNITED STATES DISTRICT JUDGE